IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:12-CV-739-BO

| | | |
|---|---|---|
| LISA NEWMAN, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| *Acting Commissioner of Social Security*, | ) | |
|     Defendant. | ) | |

This cause comes before the Court on cross-motions for judgment on the pleadings. A hearing was held on these matters before the undersigned on November 22, 2013, at Elizabeth City, North Carolina. For the reasons discussed below, this matter is remanded to the Commissioner for further proceedings.

## BACKGROUND

Plaintiff brought this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) for review of the final decision of the Commissioner denying her claim for supplemental security income (SSI) pursuant to Title XVI of the Social Security Act. Plaintiff protectively filed an application for SSI on June 29, 2009, alleging disability beginning July 15, 2000. Following an initial denial of plaintiff's claim, an Administrative Law Judge (ALJ) held a hearing at which plaintiff, her attorney, a medical expert (ME), and a vocational expert (VE) appeared. After considering the claim de novo, the ALJ found that plaintiff was not disabled. The decision of the ALJ became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. Plaintiff then timely sought review of the Commissioner's decision in this Court.

## DISCUSSION

Under the Social Security Act, this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. 42 U.S.C. § 405(g); *see Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence consists of more than a mere scintilla of evidence, but may be less than a preponderance of evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The Court must not substitute its judgment for that of the Commissioner if the Commissioner's decision is supported by substantial evidence. *Hays*, 907 F.2d at 1456.

In evaluating whether a claimant is disabled, an ALJ uses a multi-step process. First, a claimant must not be able to work in a substantial gainful activity. 20 C.F.R. § 404.1520. Second, a claimant must have a severe impairment that significantly limits his or her physical or mental ability to do basic work activities. *Id.* Third, to be found disabled, without considering a claimant's age, education, and work experience, a claimant's impairment must be of sufficient duration and must either meet or equal an impairment listed by the regulations. *Id.* Fourth, in the alternative, a claimant may be disabled if his or her impairment prevents the claimant from doing past relevant work and, fifth, if the impairment prevents the claimant from doing other work. *Id.*

After finding that plaintiff had not engaged in any substantial gainful activity since her application date at step one, the ALJ determined that plaintiff's chronic low back pain and cervical degenerative disc disease, pseudoseizures, history of transient ischemic attack (TIA), hypertension, diabetes mellitus, headaches, obesity, depression, and anxiety were severe impairments at step two. The ALJ then found that plaintiff did not have an impairment or combination of impairments that met or equaled a listing at step three, and that plaintiff had a residual functional capacity (RFC) to

perform light work limited to simple, routine, and repetitive tasks in a low production environment and that plaintiff must avoid hazards. At step four, the ALJ found that plaintiff had no past relevant work, but that, based on plaintiff's age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy that plaintiff could perform.

*Medicaid Award*

At the time of the hearing, plaintiff had applied for and been awarded Medicaid as a disabled adult under the North Carolina state Medicaid program. Tr. 162. In his opinion, the ALJ failed to explicitly mention or consider plaintiff's Medicaid award, as required by Social Security Ruling 06-03p. As the court of appeals has recently made clear, "in making a disability determination, the SSA *must* give substantial weight to [another agency's] disability rating" unless the record "clearly demonstrates that . . . a deviation is appropriate." *Bird v. Comm'r of Soc. Sec. Admin.*, 699 F.3d 337, 343 (4th Cir. 2012) (emphasis added); *see also Allen v. Colvin*, No. 2:12-CV-29-FL, 2013 WL 3983984 *2 (E.D.N.C. Aug. 1, 2013) (applying holding in *Bird* to Medicaid decisions); *Joyner v. Astrue*, No. 4:12-CV-18-BO, 2013 WL 310056 (E.D.N.C. Jan. 25, 2013) (noting remedial posture of these proceedings and the ALJ's duty to investigate all material evidence bearing on a claimant's condition).

Though the Commissioner argues that the ALJ's failure to consider and address the Medicaid award was harmless, the Court does not find upon its review that the record in this matter clearly demonstrates that a deviation from Medicaid's decision is appropriate. Moreover, as the ALJ failed to even mention the Medicaid award, the Court cannot "create post-hoc rationalizations to explain the Commissioner's treatment of evidence when that treatment is not apparent from the Commissioner's decision itself." *Grogan v. Barnhart*, 399 F.3d 1257, 1263 (10th Cir. 2005).

3

As remand of this matter has been found to be necessary, the Court further instructs the ALJ to specifically consider whether further non-exertional limitations may be appropriate given his finding that plaintiff's mental health limitations were severe.

## CONCLUSION

Accordingly, for the reasons discussed above, plaintiff's motion for judgment on the pleadings [DE 22] is GRANTED, defendant's motion for judgment on the pleadings [DE 24] is DENIED, and the decision of the ALJ is REMANDED to the Commissioner for further proceedings consistent with the foregoing.

SO ORDERED, this __10__ day of December, 2013.

*/s/ Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

4

Case 5:12-cv-00739-BO   Document 30   Filed 12/11/13   Page 4 of 4